Harold A. Stevens, J.
Plaintiff moves for an injunction pendente lite restraining and prohibiting the defendants from causing to issue or issuing, transferring, etc. any new, further or additional corporate stock of defendant corporation. Defendants cross-move to vacate the temporary injunction, and oppose the granting of plaintiff’s motion. The motion of the plaintiff is granted and the cross motion of defendants denied.
*167 Briefly, on May 2, 1952 plaintiff, holder of 2,850 shares of common stock, executed a proxy, pursuant to a resolution of its board, to defendant Blinoff which contained in part the following language: “On this 2nd day of May, 1952, the undersigned stockholder of American Alcolac Corporation of No. 551 Fifth Avenue, New York 17, N. Y., hereby constitutes Vsevolod Blinoff its proxy, with the authorisation to substitute, with full authority to vote and act for the undersigned at all meetings of stockholders to be held at the Corporation’s office or else-Avhere ’ ’ etc., such proxy to be valid for five years from the date of execution.
On February 23, 1956 defendant Blinoff attended a special meeting of stockholders of defendant corporation at which it was voted to increase the stock from 6,000 shares of common stock, par value $100, to 10,000 shares, par value $100.
Plaintiff claims it never received notice of any such meeting and that defendant Blinoff was never authorized to act in its behalf at any special meetings for such a purpose as here indicated. Defendants contend that the proxy did not limit Blinoff’s power and that actual notice was given plaintiff subsequent to such meeting. It should be mentioned that Blinoff is president of the defendant corporation.
While on the face of it .the proxy seems general in nature, a study of an extract of the minutes of the proceedings of the board of directors of plaintiff dated May 2, 1952, at which Blinoff was present, said Blinoff then being a member of the board of directors and vice-president of plaintiff corporation, reveals the following language pursuant to resolution: “ all powers are given to Mr. Blinoff, Director and vice-president of the Board of Directors of Sinnova, Inc., vdth a view to represent Sinnova, Inc., at the general meetings of the American Alcolac Corporation.” Thereafter, and at the same meeting the proxy was voted and/or given. Mr. Blinoff kneAv therefore the extent of the powers sought to be given and as an officer and director he owed a duty to plaintiff not to exceed those powers.
Section 45 of the Stock Corporation Law provides for notices of meetings to be served “ either personally or by mail, upon each stockholder of record ” prior to the meeting. Obviously this was not done and we hold the proxy insufficient to constitute a waiver of the requirement of the statute. With eve& greater force would this apply to a special meeting. The requirements of section 35 et seej. of the Stock Corporation Law could not under the circumstances here revealed be fully complied with.
*168 The contention of defendants that plaintiff is no longer the owner of the stock and is not a proper party is in our opinion untenable. It clearly appears from the papers that the stock was merely pledged as security, and nothing more.
Plaintiff on the argument of the motion expressed a willingness to waive notice, have a meeting immediately, and to withdraw or discontinue the action if such a meeting were held. This decision is not to be construed as inhibiting such agreement between the parties. Settle order.